# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| | ) | |
| **NORDOST CORPORATION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil No.** |
| **v.** | ) | **14-10179-FDS** |
| | ) | |
| **LARS KRISTENSEN,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER ON
## <u>MOTION TO DISMISS</u>

**SAYLOR, J.**

This is a claim for the return of property. Plaintiff Nordost Corporation, a manufacturer

of high-end technology cables, contends that a former employee, defendant Lars Kristensen,

failed to return valuable equipment loaned to him in connection with his employment. The

complaint alleges claims for breach of contract, property had and received, and conversion.

Jurisdiction is based on diversity of citizenship.

Defendant has moved to dismiss the complaint for *forum non conveniens*, contending that

the appropriate location for adjudication of this dispute is Denmark. For the reasons set forth

below, the motion will be denied.

## I.     <u>Background</u>

Unless otherwise noted, the following facts are presented as stated in the complaint.

Nordost, a Massachusetts corporation, manufactures high-end technology cables, such as

speaker cables, video cables, and analog and digital interconnects at a factory in Holliston,

Massachusetts. In January 1992, Kristensen, a citizen and resident of Denmark, began working

for Nordost as a freelance employee. According to Kristensen, he had occasion to travel to the

Nordost factory in Holliston during his employment, but mainly communicated and dealt with

Nordost's vice president of international sales, Johann Graham, a resident of the United

Kingdom. (Def. Mem., Ex. A, Kristensen Aff. ¶ 7). Nordost contends that Kristensen traveled

to Massachusetts four to five times per year to visit Nordost's office, staying approximately ten

days on each visit. (Pl. Mem., Ex. A, Reynolds Aff. ¶ 5). According to Nordost, Graham

arranged for Kristensen's visits to various international accounts, not for provision of and terms

for loaned equipment. (*Id.* ¶ 7). Also, the paperwork associated with Kristensen's employment

is located at its office in Holliston. (*Id.* ¶ 4).

Beginning in 2004, Nordost occasionally loaned Kristensen various equipment to use for

demonstration and sale of its products. Nordost contends that it did so with the express

understanding that Kristensen would use the equipment solely on behalf of and for the benefit

Nordost and that he would return the equipment upon request. According to Nordost, the

discussions of those terms occurred in Massachusetts. (Reynolds Aff. ¶ 6). The individuals who

arranged for the equipment loans (and who would testify on Nordost's behalf), Amy Hansen and

Paul Ritchotte, work at the Holliston office. So do Nordost's president, Joe Reynolds, and

director of engineering, Bill Mitchell, who would testify about Kristensen's use of Nordost

products. (*Id.* ¶ 7). The parties dispute whether the equipment samples were delivered to

Kristensen in Denmark or in the United States. (Kristensen Aff. ¶ 8; Pl. Mem. at 8).

On December 21, 2012, Kristensen terminated his employment with Nordost. At that

time, he possessed a substantial amount of Nordost equipment, which the company demanded he

return without delay. Kristensen allegedly gave back some, but not all, of the equipment to

Nordost.  Kristensen contends that he gave the equipment to Rune Skov, a Nordost employee, in

February or March 2013, and that he has no additional equipment that belongs to Nordost.

(Kristensen Aff. ¶¶ 10-12).  The witnesses who saw Kristensen convey equipment to Skov, as

well as Skov himself, reside in Denmark.  (*Id.* ¶ 13).  Nordost does not dispute that Kristensen

returned some equipment to Skov, but believes that Kristensen still possesses much of the

equipment or that he has sold some or all of it and retained the proceeds of those sales.

(Reynolds Aff. ¶ 10).

In December 2013, Nordost sent a demand letter to Kristensen, enclosing an inventory

report of the outstanding equipment.  It now estimates that the retail value of the equipment is

more than $200,000.

On January 23, 2014, Nordost filed a complaint in this Court.  On April 18, 2014,

Kristensen filed a motion to dismiss on the ground of *forum non conveniens*.

II.      **Analysis**

Under the common-law doctrine of *forum non conveniens*, a court may dismiss a case

"when an alternative forum has jurisdiction to hear [the] case, and . . . trial in the chosen forum

would establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to

plaintiff's convenience, or . . . the chosen forum [is] inappropriate because of considerations

affecting the court's own administrative and legal problems."  *Sinochem Int'l Co. Ltd. v.

Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 429 (2007) (internal quotation and citation

omitted).   When a plaintiff selects its home forum, as here, it "should not be deprived of it

absent a 'clear showing' of either 'oppressiveness and vexation' or evidence that the chosen

forum is 'inappropriate.'"  *Adelson v. Hananel*, 510 F.3d 43, 53 (1st Cir. 2007) (quoting *Koster*

*v. (Am.) Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524 (1947)).  While defendant does bear "a

heavy burden" in overcoming the presumption in favor of plaintiff's chosen forum, *Sinochem

Int'l Co.*, 549 U.S. at 42, "a citizen's forum choice should not be given dispositive weight and

dismissal should not be automatically barred when a plaintiff has filed suit in his home forum."

*Interface Partners Int'l Ltd. v. Hananel*, 575 F.3d 97, 102 (1st Cir. 2009) (internal quotations

and citations omitted).

Dismissal on the ground of *forum non conveniens* requires that a defendant establish (1)

that there is an "adequate alternative forum" and (2) that "considerations of convenience and

judicial efficiency strongly favor litigating the claim in the alternative forum."  *Iragorri v. Int'l

Elevator, Inc.*, 203 F.3d 8, 12 (1st Cir. 2000).

A.      **Adequate Alternative Forum**

The first requirement of an adequate alternative forum generally is satisfied if "the

alternative forum addresses the types of claims that the plaintiff has brought and that the

defendant is amenable to service of process there."  *Id.*

Defendant, as a citizen and resident of Denmark, is undoubtedly subject to the

jurisdiction of the Danish courts and therefore amenable to service of process.  However, as to

adequacy of the forum, his motion makes only passing reference to the Danish Contracts Act as a

basis for plaintiff to file its claims.  He has submitted no affidavit of an expert in Danish law.

*Cf., e.g.*, *Mercier v. Sheraton Int'l, Inc.*, 981 F.2d 1345, 1351-52 (1st Cir. 1992); *Rodriguez v.

Samsung Electronics Co., Ltd.*, 734 F. Supp. 2d 220, 224-25 (D. Mass. 2010).  He has failed

even to provide information about the substance of Danish contract law and available claims, the

applicable statute of limitations, or the accessibility of Danish courts to foreign companies.  *Cf.*

4

*Sullivan v. Starwood Hotels & Resorts Worldwide, Inc.*, 949 F. Supp. 2d 324, 327-28 (D. Mass.

2013) (denying motion to dismiss for *forum non conveniens*, in part because defendant merely

provided "printout of a website purporting to be the Civil Code of China" to establish adequacy).

Accordingly, defendant has failed to establish that an adequate alternative forum to hear this case

exists.

### B. Balancing Public and Private Interests

The second requirement for dismissal on the basis of *forum non conveniens* calls for a

balancing of various private and public interests. The Supreme Court has described a list of

illustrative, non-exclusive factors that courts may consider, emphasizing the "need to retain

flexibility." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 249 (1981). For private interests, factors

include

> the relative ease of access to sources of proof; availability of compulsory process
> for attendance of unwilling, and the cost of obtaining attendance of willing,
> witnesses; possibility of view of premises, if view would be appropriate to the
> action; and all other practical problems that make trial of a case easy, expeditious
> and inexpensive.

*Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947). As for public interests, relevant

considerations are "the administrative difficulties of docket congestion; the general goal of

'having localized controversies decided at home,' and concomitantly, ease of access to the

proceedings on the part of interested citizens; the trier's relative familiarity with the appropriate

rules of decision; and the burdens of jury duty." *Iragorri*, 203 F.3d at 12 (quoting *Gulf Oil*

*Corp.*, 330 U.S. at 508-09).

Defendant here contends that key evidence is located in Denmark, as are important

witnesses—defendant himself, Skov, and the witnesses to their exchange—who may not be able

to afford to travel to Massachusetts. Plaintiff, in turn, states that many other witnesses—Hansen, Ritchotte, Reynolds, and Mitchell—reside in Massachusetts, and that because it does not dispute that defendant returned equipment to Skov, defendant's proposed witnesses have no relevant testimony. It also contends that many of the relevant records are at its Holliston office. Even ignoring defendant's argument as to the relevance of plaintiff's witnesses' testimony, it appears that witnesses and evidence are located in both Massachusetts and Denmark, and therefore the factors of "relative ease of access to sources of proof" and cost of obtaining witnesses are balanced equally between the parties.

Defendant also contends that the alleged misconduct took place in Denmark. Plaintiff responds that the discussions concerning the loaned equipment occurred in Massachusetts, that the equipment was delivered to defendant in Massachusetts, and that Nordost incurred the loss in Massachusetts. Furthermore, it argues that, to the extent defendant is implying that Danish law applies to the transactions, courts have not accorded that factor dispositive weight. At this early stage of the litigation, it is difficult to evaluate the extent to which events happened in Massachusetts or in Denmark. But again, the balance appears about equal between the parties, if not slightly weighted in favor of plaintiff. As for the potential need to apply Danish law to the dispute, that factor "point[s] towards dismissal," *Piper*, 454 U.S. at 260, but it is not dispositive.[1] Mercier II, 981 F.2d at 1357 (holding that the application of foreign law is not dispositive, and that because "the task of deciding foreign law is a chore federal courts must often perform . . . the application of foreign law should not be ascribed undue importance").

Defendant further contends that Nordost can more easily file a claim in Denmark than he

---

[1] Moreover, plaintiff contends that the contract was formed in Massachusetts, in which case the Court would not need to apply foreign law.

can litigate a case in Massachusetts.  He has not, however, provided information about any

limitations, financial, physical, or otherwise, that would hamper his defense of this case.  *See*

*Iragorri v. Int'l Elevator, Inc.*, 203 F.3d 8, 17 (1st Cir. 2000) ("The mere suggestion of greater

financial strain is meaningless unless and until the plaintiff demonstrates the nature and extent of

the supposed limitations upon her ability to litigate."); *see also Carey v. Bayerische Hypo-Und*

*Vereinsbank AG*, 370 F.3d 234, 238 (2d Cir. 2004) (agreeing that it may be easier for a multi-

national company to engage in transnational litigation than an individual but declining to accord

that factor dispositive weight).  And defendant repeatedly traveled to Massachusetts during his

employment.  Accordingly, this argument does not weigh heavily in defendant's favor.

Finally, defendant contends that, were plaintiff to prevail, enforcing the judgment of a

Danish court against defendant would be easier than enforcing the judgment of this Court.

Plaintiff responds that it accounted for that potential difficulty but nonetheless chose to file suit

in Massachusetts.  Because defendant has cited no authority for the proposition that plaintiff

could not enforce a judgment of this Court in Denmark and because plaintiff has selected this

forum despite the potential obstacles, the factor of ability to enforce a judgment does not weigh

in defendant's favor.

As to the public interest factors, defendant asserts that this is "primarily a Danish

lawsuit" and that Denmark has an interest in resolving a lawsuit that arose locally and in

"protecting its citizens from meritless claims."  (Def. Mem. at 5).  In fact, as previously

discussed, it appears that a significant portion of this dispute occurred in Massachusetts or was

connected to Massachusetts.  Moreover, defendant knowingly worked for plaintiff—a

Massachusetts corporation—for twenty years and visited its offices in Massachusetts on

multiple, if not numerous, occasions. Massachusetts therefore has at least an equally strong interest as a Danish court in providing a forum for this dispute.

Defendant further contends that the prevailing language at trial will be Danish because of the witnesses he intends to call. On the other hand, plaintiff's witnesses presumably speak English, and the documents in its Holliston office are presumably written in English. It therefore seems that the prevailing language is just as likely to be English as Danish.

In sum, the private- and public-interest factors that defendant has cited in support of his motion do not strongly favor litigation in an alternative forum. Indeed, considering all of the relevant factors, it appears that Massachusetts is a more practical, convenient, and efficient forum, and in any event, it is the forum that plaintiff chose. Accordingly, the motion to dismiss on the ground of *forum non conveniens* will be denied.

## III.    Conclusion

For the foregoing reasons, defendant's motion to dismiss is DENIED.

**So Ordered.**


                                            /s/ F. Dennis Saylor
                                            F. Dennis Saylor IV
Dated: June 27, 2014                        United States District Judge